# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NORMAN L. CONDIFF, Sr.,

        Plaintiff,

      v.

CAPTAIN DENIS J. CREMINS, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)

NO. CV 12-1990 UA (FMO)

**ORDER TO SHOW CAUSE**

Local Rule 83-8.2 provides that the court may declare a party to be a vexatious litigant, stating:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant.  Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

1 | Local Rule 83-8.2. "Any order issued under [Local Rule]. 83-8.2 shall be based on a finding that
2 | the litigant to whom the order is issued has abused the Court's process and is likely to continue
3 | such abuse, unless protective measures are taken." Local Rule 83-8.3; see also DeLong v.
4 | Hennessey, 912 F.2d 1144, 1147 (9th Cir.), cert. denied, 498 U.S. 1001 (1990) (To support a
5 | vexatious litigant finding, "[a]t the least, the records needs to show, in some manner, that the
6 | litigant's activities were numerous or abusive.").

7 |      Pursuant to Local Rule 83-8.2, plaintiff Norman L. Condiff, Sr., is Ordered to Show Cause
8 | why he should not be declared a vexatious litigant in light of the numerous frivolous and largely
9 | incomprehensible filings plaintiff has made. In particular, plaintiff has repeatedly sought to obtain
10 | default judgment against various Los Angeles Police Department ("LAPD") employees, who
11 | plaintiff alleges either testified falsely against him in a criminal trial, or covered-up the false
12 | testimony and rejected an employee misconduct complaint plaintiff filed regarding the testimony.
13 | In raising these allegations, plaintiff has repeatedly refused to follow even the most basic of the
14 | court's procedural requirements, such as commencing litigation by filing a complaint and either
15 | paying the filing fee or submitting a request to proceed in forma pauperis. Instead, plaintiff has
16 | raised baseless allegations in documents entitled, for example, "Request for Entry of Default
17 | Judgment," "Affidavit of Truth of Negative Averment," "Notice of Intent," "Notice of Default,"
18 | "Affidavit of Truth," "Coloring Agreement," "Notice and Demand," and "Affidavits of Information for
19 | Felonies, High Crimes and Misdemeanors."

20 |      Although the court has repeatedly explained to plaintiff the defects in his documentation
21 | and the steps plaintiff needs to take to remedy such defects, plaintiff has ignored the court's
22 | explanations and insisted on his right to file baseless and harassing litigation against LAPD
23 | employees. See Condiff v. Cremins, United States District Court for the Central District of
24 | California Case No. CV 11-10319 UA (FMO); Condiff v. Cremins, United States District Court for
25 | the Central District of California Case No. CV 11-9658 UA (FMO); Condiff v. Ross, United States
26 | District Court for the Central District of California Case No. CV 11-9168 UA (FMO); see also
27 | Condiff v. McEwen, CV 10-2278 JAK (FMO) (rejecting plaintiff's eleven attempts to file documents
28 | such as "Affidavits of Information for Felonies, High Crimes and Misdemeanors," "Request for

1  Entry of Default Judgment," and "Judicial Notice of Deputy Clerk's Abuse of Discretion [and

2  Request] for an Entry of Default Judgment" in pending habeas corpus case).  For instance, in the

3  instant case, plaintiff, despite repeatedly being informed otherwise, wrongly continues to maintain

4  that since he is a "living breathing flesh and blood Sentient Being" who has used "the Maxims of

5  Commercial Law, Uniform Law [Mercantile Law, the] Uniform Commercial Code" and the "Private

6  Administrative Process . . . for the Commercial Affidavit Process," this Court has no jurisdiction

7  except to perform the "ministerial act" of entering default judgment against the named defendants.

8  (See Notice of Filing Intent at 1-2; Request for Entry of Default Judgment at 1-6) (some

9  capitalization altered).

10     As this case and another recently filed case demonstrate, see Condiff v. Beck, United

11  States District Court for the Central District of California Case No. CV 12-2124 UA (FMO)

12  (plaintiff's "Request for Entry of Default Judgment" against LAPD Chief Charlie Beck), plaintiff's

13  harassing litigation tactics continue unabated, necessitating this Order to Show Cause.[1]

14     If plaintiff objects to being declared a vexatious litigant, he shall file a response to this Order

15  to Show Cause no later than **April 18, 2012**.

16  Dated this 28 day of March, 2012.

17

18

19                                    F_____ M. Olg____

                                     Fernando M. Olguin
                                     United States Magistrate Judge

20

21

22

23     [1] Nor are plaintiff's harassing attacks limited to this judicial district.  At the same time plaintiff

24  sued Chief Beck in this court, he also filed the same litigation in the United States District Courts
    for the Northern and Southern Districts of California, see Condiff v. Beck, United States District

25  Court for the Northern District of California Case No. CV 12-0886 JSW; Condiff v. Beck, United
    States District Court for the Southern District of California Case No. CV 12-0407 JAH (BLM), and

26  plaintiff has previously filed Requests for Entry of Default Judgment against LAPD Detective Victor
    Ross in both the Northern and Southern Districts of California. See Condiff v. Ross, United States

27  District Court for the Northern District of California Case No. CV 11-3212 EJD; Condiff v. Ross,
    United States District Court for the Southern District of California Case No. CV 11-1443 JLS

28  (WMC).